## RUBEN v. SUPERIOR TRANSF. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8875. Decided Apr. 16, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**396. DIRECTED VERDICTS—1066. Scintilla Rule.**
Scintilla Rule applies where case is tried to court without intervention of jury.

Error to Municipal Court.
Judgment reversed.

Harry Efros, Cleveland, for Ruben.
John H. McNeal, Cleveland, for Transfer Co.

**FULL TEXT.**

PER CURIAM.

The parties appear in the same relation they occupied in the trial court. Suit was entered by plaintiff against the defendant for the sum of $126.50 and alleging in the statement of claim that the plaintiff suffered damages on account of the negligent operation of the truck by a servant of the defendant. To substantiate the claim of negligence, the truck driver was put upon the witness stand for cross examination, without objection.

It appears that the plaintiff's car was parked in front of his own bakery store on St. Clair Avenue near East 77th Street; that the truck of The Superior Transfer Company, defendant, was traveling east on St. Clair, straddling the south rail of the east bound car tracks at the rate of about. twenty-five miles an hour. A Ford Sedan belonging to a third party was traveling. west on St. Clair at about fifteen miles per hour and was straddling the north rail of the east bound car tracks; that the Ford Sedan was about to turn in East 77th Street when the truck of the defendant skidded and came into collision with the Ford Sedan; that it then bounced off and hit the standing car parked as aforesaid belonging to the plaintiff.

The testimony of the driver of the truck discloses that it had been raining all morning; that the pavement was soaked with water and that it was quite skiddy; that when he first saw the Ford Sedan he was ninety feet from it; that no attempt was made by him to stop or put on his brakes until he was within a few feet from the Ford Sedan.

This case was tried to the court without the intervention of a jury. When the plaintiff rested, upon a motion being made by the defendant, the court directed a finding for the defendant and against the plaintiff.

The material question presented to us is whether the trial court acting also in the capacity of a jury, was within its province to direct a verdict at the close of the plaintiff's case. The same rule which governs the trials of cases before juries also governs the cases to a trial before the court without the intervention of a jury, when the court is empowered to act in the capacity of a jury.

We are of the opinion that, upon the state of the record, there was presented at least a scintilla of evidence which under our law compels the overruling of a motion for a directed verdict.

We find it unnecessary to pass upon the other assignments of error presented upon the record.

We, therefore, find error in the action of the trial court in ruling as it did, and the judgment of the Municipal Court is reversed and the case remanded.

(Sullivan, PJ., Levine and Vickery. JJ., concur.)